UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

ADAM SNYDER,                                 )
                                             )
               *Petitioner,*                 )
                                             )        Cause No. 3:16-cv-522
          v.                                 )        (Arising from 3:13-cr-32)
                                             )
UNITED STATES OF AMERICA,                    )
                                             )
               *Respondent.*                 )

OPINION AND ORDER

Adam Snyder asks that the court vacate his sentence under 28 U.S.C. §
2255 in response to the Supreme Court's decision in Johnson v. United States,
135 S. Ct. 2551 (2015). The court must deny that motion.

Mr. Snyder challenges his sentence on grounds that it violates the
Constitution or laws of the United States. 28 U.S.C. § 2255(a). An evidentiary
hearing isn't required if "the motion and files and records of the case conclusively
show that the petitioner is entitled to no relief." 28 U.S.C. § 2255(b). The factual
and legal issues raised can be resolved on the record, so no hearing is necessary.

Mr. Snyder argues that the Supreme Court's decision in Johnson v. United
States, 135 S. Ct. 2551 (2015) impacts his sentence. *Johnson* held that a portion
of the definition of "violent felony" in the Armed Career Criminal Act was
unconstitutional, which raised questions about the validity of similar language
throughout the law, such as the definition of "crime of violence" in the Sentencing
Guidelines. *See* United States v. Hurlburt, 835 F.3d 715 (7th Cir. 2016).

Nothing about *Johnson* impacts the validity of Mr. Snyder's sentencing. Mr. Snyder isn't a violent felon, and no one ever argued that he was. His sentence was never enhanced as a result of these categories. Mr. Snyder pleaded guilty to violating 18 U.S.C. § 2252(a)(4)(B) and was sentenced based on factors related to that alone.

Mr. Snyder's sentence is thus valid. The court DENIES Mr. Snyder's motion to vacate [Doc. No. 59] and directs the Clerk to dismiss the associated civil case.

SO ORDERED.

ENTERED:  December 2, 2016

 /s/ Robert L. Miller, Jr.
Judge
United States District Court